# Wytheville.

R. N. CLARK AND J. S. MARTIN v. PATRICK COUNTY BANK.

June 18, 1931.

Present, all the Justices.

The opinion states the case.

*S. A. Thompson,* for the plaintiffs in error.

*F. P. Burton,* for the defendant in error.

EPES, J., delivered the opinion of the court.

R. N. Clark and J. S. Martin owned jointly a lot of land near Stuart, Virginia, on which there was a garage and filling station. By deed dated December 15, 1925, Clark sold his half interest in this property to J. S. Martin for $1,200.00. The purchase price was evidenced by three notes for $400.00 each, dated December 15, 1925, drawn by J. S. Martin, payable respectively one, two and three years after date to R. N. Clark or order; and J. S. Martin and wife executed a deed of trust, dated December 15, 1925, conveying the whole of said property to the Patrick County Bank, as trustee, to secure the payment of the three notes.

Clark endorsed these three notes and discounted them at the Patrick County Bank. When the first note fell due Martin failed to pay the note, and Clark then executed his note for $400.00, payable to the Patrick County Bank, and attached the past-due note of Martin thereto as collateral security. When Clark's note fell due it was not paid, and on June 5, 1927, after due advertisement, the Patrick County Bank, trustee, acting through its trust officer, J. S. Taylor, sold the prop-

erty at public auction. At this sale Clark became the purchaser of said lot, with the buildings thereon, at $1,075.00. The Patrick County Bank, trustee, prepared and executed a deed, dated June 10, 1927, conveying this property to Clark as the purchaser at said sale, and on or about that date tendered this deed to him. Clark, however, was in financial difficulties and was unable to make payment of the purchase price, and the deed was not delivered to him.

On November 13, 1928, Clark made a deed of assignment to J. M. Hooker, trustee, for the benefit of his creditors. This deed conveyed certain personal property, six specified parcels of real estate, and "all real estate wheresoever situated belonging to Robert N. Clark and wife whether in law or in equity." Among the six parcels of real estate specifically conveyed is the lot above mentioned, with the garage and filling station. This deed contains no covenants of warranty, and no mention is made of the fact that Clark had not completed his purchase thereof under the deed of trust above mentioned.

This deed of assignment is made to secure twenty-seven specified debts, which are therein set out. Ten of these debts, aggregating $13,921.00, are listed as being due to Patrick County Bank, to-wit:

"(1) Patrick County Bank, Stuart, Va............................$8,600.00 with int.
        secured by a trust deed
"(2) Patrick County Bank, Stuart, Va...................................  1,400.00 with int.
        secured by a trust deed
"(3) Patrick County Bank, Stuart, Va...................................  500.00 with int.
"(4) Patrick County Bank, Stuart, Va...................................  1,475.00 with int.
"(5) Patrick County Bank, Stuart, Va...................................  1,200.00 with int.
        secured by a trust deed
"(6) Patrick County, Stuart, Va............................................  125.00 with int.
"(7) Patrick County Bank, Stuart, Va...................................  175.00 with int.
"(8) Patrick County Bank, Stuart, Va...................................  100.00 with int.
"(9) Patrick County Bank, Stuart, Va...................................  200.00 with int.
"(10) Patrick County Bank, Stuart, Va.................................  146.00 with int.

Item 5, for $1,200.00, is made up of the three notes for

$400.00 each, drawn by J. S. Martin and endorsed by R. N. Clark, secured by the deed of trust, dated December 15, 1925.

This deed of assignment contains the following provision: "It is further provided that all creditors who accept under this deed, do so in full satisfaction of their respective claims and shall be forever barred from further recovery of any balance." (For statute authorizing such provision and giving full force and effect thereto, see Acts 1924, c. 434, p. 657, sec. 5278d, Michie's Va. Code of 1930.)

The uncontradicted testimony of J. M. Hooker, the trustee under the deed of assignment, and of J. C. Shockley, the cashier of Patrick County Bank, is that the Patrick County Bank advised J. M. Hooker, trustee, that it refused to accept the provision made for it in the deed of assignment, and when J. M. Hooker, trustee, came to make sale under the deed of assignment in the latter part of 1929, he discovered that Clark had never settled for and received from Patrick County Bank, as trustee, a deed for the garage and filling station lot. He then requested Mr. Shockley, the cashier of Patrick County Bank, to turn over to him the deed dated June 10, 1927, conveying the garage and filling station lot to Clark, which had been executed by the bank as trustee, but had not been delivered because Clark had not paid the purchase price, in order that he (Hooker) might have the deed recorded and get the title to this property straightened out.

The bank did this under the circumstances below set forth, and Hooker had the deed to Clark recorded. Hooker, acting as trustee under the deed of assignment, then sold this property, which was bid in by the Patrick County Bank for $500.00, and executed and delivered to the bank a deed for the property. The net proceeds of the sale, $470.00, were paid to the bank by Hooker, trustee, to be credited on the notes of J. S. Martin, endorsed by R. N. Clark, secured by the deed of trust of December 15, 1929, and this sum was so credited by the bank.

The uncontradicted testimony of J. M. Hooker with reference to the circumstances under which he received the deed from the bank and his handling of the matter is as follows:

"I went to see J. C. Shockley, cashier of Patrick County Bank, and requested that the deed that they, as trustee, had prepared and were holding until the purchase price is paid, be recorded, so that I could sell it and get the title straight. I told him I would turn over the proceeds of sale of same to the bank to be credited on the J. S. Martin notes. I sold the garage and lot under the deed of assignment, and Patrick County Bank became the purchaser thereof, at the price of $500.00. The bank paid me the $500.00, and I retained five per cent commission and $5.00 fee for deed, and turned the remaining $470.00 over to the bank as a credit on the $1,200.00 J. S. Martin note."

The Patrick County Bank then brought its action in the Circuit Court of Patrick county against J. S. Martin and R. N. Clark on the said three notes for $400.00 each, asking judgment for $1,200.00 with interest thereon from December 15, 1925, five per cent collection fee, and $15.00 attorney's fee, subject to a credit of $22.05 as of October 24, 1928, and a further credit of $470.00 as of November 21, 1929.

Martin set up the defense that he was entitled to a credit for the full amount of the net proceeds of the sale made by Patrick County Bank, as trustee, to R. N. Clark, less cost of sale, to-wit, a net credit of $1,007.25 as of June 4, 1927, and admitted that he was due the bank on these notes the balance due after applying said credits, to-wit, $265.36, with interest from June 4, 1927, five per cent collection fee on this balance, and $5.00 attorney's fee.

Clark set up the defense that when the bank received from J. M. Hooker, the trustee under the deed of assignment, the net proceeds of the sale made by him, $470.00, it by that act accepted the terms of the deed of assignment to J. M. Hooker, trustee; thereby agreed to take what it received under the deed

of assignment in full satisfaction of all its claims; and was forever barred from any further recovery against Clark on account of the debts due the Patrick County Bank listed in the said deed of assignment.

By agreement of parties, the case was submitted to the court without the intervention of a jury.

The court sustained the plea of J. S. Martin, but held the defense set up by R. N. Clark to be not a good defense. The judgment of the court was as follows:

"That the plaintiff have judgment against the said J. S. Martin, one of said defendants, for the sum two hundred, sixty-five and 35/100 dollars ($265.35), with interest at four per cent from December 15, 1925, until paid, together with five per cent collection fee and $5.00 attorney's fee and its proper costs in this behalf expended, and, further, that said plaintiff have judgment against the said R. N. Clark, the other defendant, for the sum of twelve hundred and 00/100 dollars ($1,200.00) with interest thereon at four per cent from December 15, 1925, until paid, and five per cent collection fee and $15.00 attorney's fee, subject to a credit of $22.05 as of October 24, 1928, and another credit of $470.00 as of November 21, 1929, and its proper costs in this behalf expended. * * *

"It is further ordered by the court that if R. N. Clark pays the whole of this debt, then he is subrogated to the rights of Patrick County Bank for the amount due by the said J. S. Martin."

The judgment of the court was plainly right. J. S. Martin was clearly entitled, so far as he was concerned, to have the bank credit these notes with the full amount of the net proceeds of the sale made under the deed of trust by the Patrick County Bank, as trustee. The $470.00 paid by J. M. Hooker to the Patrick County Bank was not paid to the bank in its individual capacity as a creditor of R. N. Clark, but to it in its representative capacity as trustee under the deed of trust from J. S. Martin and wife. The receipt of this amount by the bank

in its individual capacity was by virtue of the payment thereof to itself as an individual, by itself as trustee; and in accepting it, the bank has accepted nothing under the deed of assignment to J. M. Hooker.

*Affirmed.*

GREGORY, J., dissenting:

I am unable to concur in the conclusion reached in the opinion of the majority. The facts set forth in that opinion are correct, but in my opinion the case should be reversed and final judgment entered by this court in favor of R. N. Clark.

The admitted facts may be briefly summarized. The bank was trustee in a deed of trust executed by Martin to secure Clark the payment of three notes of $400.00 each, which represented the unpaid purchase price of real estate sold by Clark to Martin. Clark discounted the notes at the bank and it became the holder of said notes. It being the holder of the notes and the trustee, when Martin defaulted in the payment of the first note, it attempted to foreclose the deed of trust and the property was knocked out to Clark, but he never complied with his purchase by paying the $1,075.00, which he bid for the property, though the bank, as trustee, had prepared a deed for him and was ready to deliver it upon the payment of the purchase price. This attempted foreclosure took place on June 5, 1927, and some seventeen months thereafter Clark and wife made an assignment to Hooker, trustee, conveying to the trustee all of their property, real and personal, to secure all of their debts. The debt due the bank of $1,200.00 was included in the assignment deed as well as the property on which it was a lien. Two and one-half years after the attempted foreclosure by the bank, trustee, it, at the request of Hooker, trustee, delivered the deed to him which it had previously prepared for Clark, but which had not been delivered. Clark had never paid any part of the purchase price. Hooker had the deed recorded and was told by the cashier that the bank would not claim

under the deed of assignment. Acting under the deed of assignment, Hooker sold this same property and the bank bought it for $500.00 and paid that amount to Hooker, who in turn deducted the costs and expense of sale and paid the net proceeds of sale, amounting to $470.00, to the bank and it applied this amount as a credit on the Martin notes. After making this application on those notes, the bank then sued Clark for the deficiency or difference between the $1,200.00 debt and the net amount realized from the sale, notwithstanding the fact that the deed of assignment contained this express provision: "It is further provided that *all creditors* who accept under this deed, do so in full satisfaction of their respective claims and shall be forever barred from further recovery of any balance," and notwithstanding the express provisions of section 5278d of the Code, which are as follows:

"Any such deed of assignment may contain a provision of the effect that those creditors who accept thereunder, do so in full satisfaction of their respective claims, and shall be forever barred from further recovery of any balance. * * *"

Under these admitted and unquestioned facts and in the face of the provisions of the deed of assignment and the statute referred to, the trial court allowed the bank to recover against Clark for the deficiency, and the majority opinion confirms the trial court's view. I am of opinion that under no circumstances should the bank be allowed to recover.

The powers of the bank, as trusteee, were expressly defined and limited by the deed of trust executed to it by Martin to secure Clark the payment of the three $400.00 notes. It had the right to foreclose the deed of trust and deliver the deed to the purchaser (Clark) upon his paying the purchase money of $1,075.00. Under no other condition could it legally deliver the deed to Clark. It had no power to deliver it to Hooker, and when it did deliver it to him it disobeyed the powers conferred in the trust deed and its act in that regard was a nullity. The bank, as trustee, upon request of the bank as holder of the

notes, could have resold the property, and this is all that it could lawfully have done.

The effect of the transaction as it now stands is that the bank, as trustee, in the Martin deed of trust, has, through Hooker, trustee, in the deed of assignment, sold the property to itself without first foreclosing the Martin deed of trust. A foreclosure of the Martin deed of trust was indispensable if the bank desired to stand upon it. It is apparent that the bank, as trustee, attempted to delegate to Hooker, trustee in the deed of assignment, the right and power to foreclose the Martin deed of trust in which it was trustee. This it could not do.

When the bank learned of the deed of assignment and that the debt and property in question were embraced therein, it then had the election to either repudiate the deed of assignment and stand upon the Martin deed of trust, or to waive the lien of the Martin deed of trust and partake of the benefits of the deed of assignment. It chose the latter. It could not have chosen both. It was present and participated in the sale of the property by Hooker, trustee in the deed of assignment; it bid on the property and bought it; it paid Hooker, trustee for the property, and accepted from him the net proceeds of sale, or $470.00, as a credit upon its debt (the three notes), and it accepted a deed from Hooker, trustee, conveying the property to it. The very title it now has (if it has any) must necessarily be claimed by it through Hooker, trustee in the deed of assignment.

Under such circumstances the bank is bound by its election, and under our statute and the provisions in the deed of assignment it is forever barred of recovering any balance or deficiency from Clark.

The conclusion in the majority opinion that the bank received the $470.00 in its representative capacity as trustee is not warranted. It could only receive in that capacity the purchase price produced as a result of the foreclosure of the Martin deed of trust. That purchase price was $1,075.00, and

it has never been paid. The $470.00, which it did accept and receive, was not the purchase price realized from the foreclosure of the Martin deed of trust, for that foreclosure has never taken place. The $470.00 was necessarily received by the bank as a listed creditor in the deed of assignment, in its individual capacity, and the burden of section 5278d attached.

The title to the property is not involved in this litigation, therefore it is not necessary to pass upon it.

It seems to me, beyond question or doubt, that the bank has accepted the provisions of the deed of assignment and that it is barred under section 5278d from further recovery of any deficiency or balance.

HUDGINS, J., concurs in this dissent.