# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## CHESAPEAKE AND OHIO RAILWAY CO. v. SAUNDERS' AD-MINISTRATOR.

November 12, 1914.

Absent, Keith, P.

1. RAILROADS — *Licensee — Concurring Negligence.* — In an action against a railroad company to recover for the death of a licensee killed while walking on the track, although the servants of the company were negligent in not keeping a reasonable lookout to discover the presence of the deceased on the track, there can be no recovery by his representative where there was nothing in the circumstances attending the situation to bring to the knowledge of such servants notice that the deceased was paying no heed to his danger and would take no step to secure his own safety. These facts present a plain case of mutual and concurring negligence, continuing up to the moment of the accident. The duty was mutual and each was equally guilty of its breach.

2. INSTRUCTIONS—*Partial View of Case—Contributory Negligence as a Defense.*—Where the contributory negligence of the plaintiff is relied on as a defense to an action of tort, and the evidence tends to support that view of the case, it is error to instruct the jury to find for the plaintiff if they believe the defendant was negligent, ignoring entirely the contributory negligence of the plaintiff. An instruction, especially one directing a verdict for the plaintiff or for the defendant, which is based upon a partial view of the evidence, is erroneous and should not be given.

3. INFANTS—*Contributory Negligence.*—The rule exempting infants of tender years from the imputation of contributory negligence has no application to a strong, active young man eighteen years of age and fully· capable of protecting himself.

4. RAILROADS—*Licensee on Track—Duty of Licensee as to Lookout.*—It is the duty of a licensee walking upon a railroad track to keep a constant lookout for trains coming from either direction, and a failure on his part to do so is negligence.

5. RAILROADS—*Licensee—Prevision and Preparation.*—It is not the duty of a railroad company to have a lookout on its front car, or to make any previous preparation for the discovery of lecensees on its track. A bare licensee is only relieved from the responsibility of being a trespasser, and takes upon himself all the ordinary risks attached to the place and the business carried on there.

6. RAILROADS—*Licensee on its Track.*—A railroad company does not owe to a licensee the duty of running its train in a particular manner, or at a particular rate of speed, and is under no obligation to keep a lookout on its car, or ring its bell, or to blow its whistle, and the mere failure to do any or all of these things does not give him a right of action.

Error to a judgment of the Corporation Court of the city of Staunton in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. M. Perry,* for the plaintiff in error.

*Carter Braxton* and *Timberlake & Nelson,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the administrator of Roddy Saunders to recover of the defendant company $5,000 damages for its alleged negligent killing of his intestate. The trial resulted in a verdict and judgment in favor of the plaintiff for $1,357.14 which we are asked to review and reverse.

The salient facts of the case are few and very clearly established. On the 16th of February last, in the daytime, the deceased, an active, strong youth eighteen years

of age, in company with his younger brother, who was sixteen years old, had been picking up coal along the track of the defendant east of the Staunton station, and were returning walking on the company's main line within the eastern limits of the city. From the point where they took the track they had walked west about four hundred and fifty feet when a train coming from the east ran up behind them. The younger brother heard the train and stepped out of the way, while the deceased, who was some eight feet in advance of his brother, appeared to be oblivious of his danger and failed to leave the track in time to save himself, and was killed. The fact is established that the deceased did not look or listen for the approach of a train when he got upon the track, nor did he once turn his head and look to the east to see if a train was coming during the time he was walking to the point where he was struck. The track from the point of the accident east, the direction from which the train came, is practically straight and the view unobstructed for a distance of more than eight hundred feet, so that if the duty of looking and listening had been observed, the deceased could have easily heard and seen the approaching train. The deceased bore the relation of licensee to the railroad company; the track where he was killed being much used by the public as a walkway. Viewing the case from the standpoint of a demurrer to the evidence, as required, it must be assumed that the employees of the defendant were guilty of negligence in failing to exercise reasonable care to discover the presence of the deceased on the track. There was, however, nothing in the circumstances attending the situation to bring to the knowledge of those in charge of the train any notice that the deceased was paying no heed to his danger and would take no step to secure his own safety. These facts present a plain case of mutual

and concurring negligence, continuing up to the moment of the accident. The duty was equal and each was equally guilty of its breach. *Southern Ry. Co.* v. *Bailey,* 110 Va. 833, 67 S. E. 365.

Over the objection of the defendant the two following instructions were given for the plaintiff:

1. "The court instructs the jury that if they believe from the evidence that the place at which the accident complained of occurred had been in daily use as a walkway for a long time by a large number of persons in that vicinity, and that its use was well known to the defendant, it was then the duty of the defendant company to keep a reasonable look-out for persons upon its tracks at that place, and for its failure to do so it is liable in damages in this case, if the jury believe from the evidence that such failure was the proximate cause of the death of the plaintiff's intestate."

2. "The court instructs the jury that if they believe from the evidence that the place at which the accident complained of occurred had been in daily use as a walkway for a long time by a large number of persons in that vicinity, and that its use was well known to the defendant, it was then the duty of the defendant company to use reasonable care to discover *Roddie Sonders,* if on the track on which the train was proceeding, and in danger at the place mentioned, and that if the said defendant did not use such care, and that by its failure so to do the said accident occurred, then they must find for the plaintiff, even though the said plaintiff was guilty of contributory negligence; provided they believe from the evidence that the servants of the said defendant in charge of its engine did not do all they could consistently with their own safety to avoid the injury after the said danger to the said *Roddie Sonders,* was known, or might have been discovered by the said

servants of the defendant by the exercise of ordinary care in keeping a lookout for persons at the point where the accident occurred."

The first of these instructions tells the jury that the defendant is liable under certain circumstances constituting the plaintiff's case, but wholly fails to mention the defendant's theory of the case—that the plaintiff's intestate was guilty of such contributory negligence as to preclude a recovery. The instruction should have concluded with the usual proviso, "unless they believe that the plaintiff's intestate was guilty of contributory negligence."

This court has repeatedly sustained the objection taken to this instruction and held that where the contributory negligence of the plaintiff is relied on as a defense to an action of tort, and the evidence tends to support that view of the case, it is error to instruct the jury to find for the plaintiff if they believe that the defendant was negligent, ignoring entirely the contributory negligence of the plaintiff. An instruction, especially one directing a verdict for the plaintiff or the defendant, which is based upon a partial view of the evidence is erroneous, and should not be given. *N. & W. Ry. Co.* v. *Mann,* 99 Va. 180, 37 S. E. 849; *Richmond P. &c. R. Co.* v. *Steger,* 101 Va. 319, 43 S. E. 612; *Atl. Coast Line R.* v. *Caple,* 110 Va. 514, 66 S. E. 855; *Virginian Ry. Co.* v. *Bell,* 115 Va. 429, 79 S. E. 396.

The second instruction, regardless of the duty of the plaintiff's intestate to keep a constant lookout for his own safety, informs the jury that they must find for the plaintiff, "even though the said plaintiff was guilty of contributory negligence," provided only that they believe, first, that the defendant might have discovered the plaintiff's intestate by the exercise of ordinary care, and, second, might have avoided injuring him thereafter. In

other words, this instruction declares the defendant liable for default in its duty to use reasonable care to discover and not to injure the deceased, notwithstanding the contributory negligence of the deceased in failing to keep a constant lookout for his own safety. In the light of the settled doctrine upon the subject in this jurisdiction, it is sufficient to say that the proposition announced by this instruction cannot be sustained. *Southern Ry. Co.* v. *Bailey, supra,* and the cases there cited.

The plaintiff, to support the instruction under consideration, cites the case of *N. & W. Ry. Co.* v. *Carr,* 106 Va. 508, 56 S. E. 276, and the case of *Southern Ry. Co.* v. *Wiley,* 112 Va. 183, 70 S. E. 510. In each of these cases the party complaining was an infant of tender years, to whom, under the circumstances, contributory negligence could not be imputed. They have no application to the case of a strong, active young man fully capable of protecting himself.

Four of the instructions asked for by the defendant company and refused were as follows:

1-a. "The court instructs the jury that the defendant railroad company's track in itself was a proclamation of danger, and the law required Roddy Saunders to keep a constant lookout for approaching trains, coming from either direction. Any failure to do so on his part was negligence."

2-a. "The court instructs the jury that it was not the duty of the defendant company, so far as Roddy Saunders was concerned, to station a lookout on its front car or to make any previous preparation for him."

3-a. "The court instructs the jury that the defendant railway company did not owe Roddy Saunders the duty of running its trains in any particular manner or at a particular rate of speed; and it was under no obligation to keep a lookout on its car, or to ring its bell or to blow

its whistle; and no recovery can be had by the plaintiff in this case based upon the defendant's failure to do any or all of these things.''

4-a.    ''The court instructs the jury that the track of a railway company is of itself a proclamation of danger to a person going upon it, and that he must not only use his eyes and ears, looking and listening in both directions, but he must keep a constant lookout in each direction for approaching trains.  If such looking and listening does or would warn him of the near approach of a train, then it is his duty to keep off the track until the train is past, and to be on the track under such circumstances is negligence and he can not recover.  And if the jury believe from the evidence that Roddy Saunders did not keep a constant lookout in each direction for approaching trains, and if they further believe that by such lookout he could have seen the approaching train in time to have stepped off the track, then the jury should find for the defendant, even though they may believe from the evidence that the defendant also was negligent.''

These instructions announce no new principle of law and should have been given.  They are based upon the evidence and correctly propound the defendant's theory of the case without prejudice to the rights of the plaintiff.    Instruction 1-a states a familiar principle in declaring that the law required Roddy Saunders to keep a constant lookout for trains coming in either direction, and that any failure on his part to do so was negligence.    The duties owing by licensees upon railroad tracks have been discussed in numerous cases, and the language used is almost identical with that used in this instruction.  *B. & O. R. Co.* v. *Sherman,* 30 Gratt. (71 Va.) 602; *N. and W. R. Co.* v. *Wilson,* 90 Va. 263, 18 S. E. 35; *Southern Ry. Co.* v. *Bruce,* 97 Va. 33 S. E. 548; *C. and O. Ry. Co.* v. *Rogers,* 100 Va. 423, 41 S. E. 732; *Southern Ry. Co.* v. *Bailey, supra.*

The statement of instruction 2-a, that it was not the duty of the defendant company, so far as Roddy Saunders was concerned, to have a lookout on its front car, or to make any previous preparation for him, is supported by abundant authority. A bare licensee is only relieved from the responsibility of being a trespasser, and takes upon himself all the ordinary risks attached to the place and the business carried on there. *N. and W. Ry. Co.* v. *Stegall*, 105 Va. 538, 54 S. E. 19, and the authorities there cited. The case last cited is also ample authority in support of the propositions announced by instruction 3-a. See also *Williamson* v. *Southern Ry. Co.*, 104 Va. 146, 51 S. E. 195, 70 L. R. A. 1007, 113 Am. St. Rep. 1032.

Instruction 4-a is an amplification of instruction 1-a, and the authorities cited in support of the latter show that the former is free from objection.

Without prolonging this opinion with further detail, it is sufficient to say that the two instructions asked for by the defendant which were modified should have been given in the form in which they were asked. As written they were supported by abundant authority, much of which has been already cited, and were based upon the evidence in the case.

The judgment must be reversed, the verdict set aside and the case remanded for a new trial not in conflict with this opinion.

*Reversed.*