# Richmond

## W. H. SHECKLER v. JOHNNIE ANDERSON, BY ETC.

May 1, 1944.

Record No. 2756.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*S. H. & Geo. C. Sutherland,* for the plaintiff in error.

*E. J. Sutherland,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The accident which is the subject of this suit happened in Dickenson County between 5 and 6 o'clock in the afternoon of June 21st, 1942. It was on a state highway which passes near a settlement called Sand Lick. There is a combination store and restaurant at the place which is operated by Cowan Edwards. He resides with his family in the same building which is between 40 and 50 feet from the highway. A filling station is located between the building and the highway and what is known as the Jerry Stinson House is opposite the store across the highway about 40 feet. There are two

secondary roads nearby which intersect the highway, one from the East and one from the West. Two churches are located in the general neighborhood, one being about one fourth of a mile up the eastern secondary road. Several homes are located in the immediate vicinity. The accident was on Sunday when the restaurant and filling station were both open for business.

The plaintiff in the trial court was Johnnie Anderson, an infant, four years old, who sued by his next friend, who was his father. The defendants were W. H. Sheckler, W. H. Sheckler, Jr. and Flora Sheckler. The latter was dismissed from the suit as a party defendant, and there was a verdict of a jury, sustained by the court, against the remaining defendants for the sum of $600.00. The judgment against W. H. Sheckler, Jr., was set aside when it appeared that he was under the age of 21 years and that no *guardian ad litem* had been appointed to represent him.

A writ of error was allowed the defendant, hence the case is before us. The evidence presents some conflict upon important points. It must be stated in the most favorable light to the plaintiff, who enjoys the advantage of the verdict of the jury and the judgment of the court.

The hard surface of the highway is 16 feet wide and there are wide shoulders on each side. It is practically level and straight for 1500 feet approaching the point of the accident and departing therefrom. The grandfather of the infant plaintiff had driven to the Edward's establishment with his grandson in his automobile. He parked his car in front of the store from 8 to 10 feet from the hard surface of the highway and went into the store, leaving the child in the car.

At this time a truck heavily loaded with four or five tons of coal, driven by W. H. Sheckler, Jr., who was hauling coal for his father, was approaching the store from the South. In the cab of the truck were the driver, Stella Kilgore, a young girl 17 years old, and a young man named Arnold Farmer. Young Sheckler was bound for a place called Haysi which was some distance away. He had made three trips

that day and this was the fourth. When the truck was about 250 feet from the store it met and passed another truck, at which time the driver noticed a little boy on the roadside. When he was within 75 feet from where the injury occurred he saw another little boy run across the road. The truck was running between 35 and 40 miles per hour. The four-year-old plaintiff got out of his grand-father's car and started to cross the highway. He was struck by the truck and knocked forward and was found by Mrs. Edwards and others who witnessed the accident, lying on the left side of the road with his feet on the hard surface and his head and body on the shoulder of the road. The driver at first said that he didn't see the child but Stella Kilgore, the girl who was in the truck cab beside him, said that he did see it and that he cut his truck to avoid hitting it. Subsequently he admitted that he saw him come toward the truck and that the child tried to stop but couldn't. About 250 feet from the point of the accident the truck passed an automobile which was parked on the right side of the road looking toward the store. Its owner, John Davis, was with it. He was asked what speed the truck was making. His answer was, "I would not say exactly but making pretty good speed, some of them spoke and said he was flying." The plaintiff's mother was talking to Mr. Davis at the time the truck passed and she said that while she did not pay special attention to the speed of the truck she heard the remark that "he was flying". Several eyewitnesses said that the truck was in the middle of the road and there was testimony that the child was struck on the left side of the road. Its position when found would indicate this particularly when the testimony was to the effect that the child was thrust forward by the impact. Earl Sutherland, a witness for the plaintiff, said that he was near the store and saw the child start across the road. He said that if the driver had kept on his side of the road the child would not have been struck. See Section 2154 (112) of the Code of Virginia 1942.

 It is quite evident to us that the truck was going too fast to be under the complete control of the driver. When

he reached the settlement where persons were likely to be assembled and where children were apt to be, he should have slowed down and had his automobile under such control as to be able to stop if confronted by such an emergency as that which occurred. The statute required this and it also required him to drive on the right side of the road. See Section 2154 (108) of the Code of Virginia 1942.

There was ample evidence tending to show that he was not observant of either of these requirements. The jury was well within its province in finding a verdict for the plaintiff. We see no reason to disturb it, indeed, under the circumstances we cannot do so. The plaintiff was severely injured. He remained in a hospital for some two weeks and at the time of the trial his mother testified that he suffered from periods of swimming in the head.

The damages were laid in the notice of motion for judgment at $5000.00. The verdict was most reasonable.

In *Price* v. *Burton*, 155 Va. 229, 154 S. E. 499, this was said:

"It must be borne in mind, that unless the verdict of the jury is plainly wrong, or is without evidence to support it, this court will sustain it."

In *Union Trust Corp.* v. *Fugate*, 172 Va. 82, 92, 200 S. E. 624, is this:

"While the evidence of the plaintiff is not as satisfactory as it might be, we are unable to say that it is incredible or impossible. The verdict is not contrary to the evidence, or without evidence to support it. There is nothing in the record to satisfy us that it is a 'plain deviation from right and justice.' "

"The trial judge, who saw and heard the witnesses, took the same view, although he stated that if he had been on the jury he might have favored a different verdict. He recognized, however, that the jury were the sole judges of the weight of the evidence and the credibility of the witnesses, and that since there was credible evidence to support their verdict, it could not be disturbed."

In *Noland* v. *Fowler*, 179 Va. 19, 25, 18 S. E. (2d) 251, a portion of section 2154 (108) of the Code was quoted as follows:

"Irrespective of the maximum speed herein provided, any person who drives a vehicle upon a highway recklessly or in a manner so as to endanger life, limb, or property of any person shall be guilty of reckless driving."
and we held:

"While plaintiff himself fixed the rate of speed at exactly the limit of fifty-five miles per hour there can be no doubt that he crossed the crest of the hill at an unwarranted rate of speed, under the facts and circumstances of this case, and that the concurring, if not the proximate cause of the accident was his violation of section 2154 (108) of the Code of Virginia."

Pertinent to the point made that the plaintiff in error was driving on the wrong side of the road when the child was injured, is the case of *Smith* v. *Turner*, 178 Va. 172, 16 S. E. (2d) 370, 136 A. L. R. 1251, in which we said:

"Driving a car on the left side of a highway (except in instances not here material) is in violation of the statute [Michie's Code of 1936, section 2154 (112)] and constitutes negligence. *Whipple* v. *Booth*, 155 Va. 413, 416, 154 S. E. 545; *Collins* v. *Robinson*, 160 Va. 520, 523, 169 S. E. 609; *Huffman* v. *Jackson*, 175 Va. 564, 568, 9 S. E. (2d) 295, 297."

■ ■ If, as in this case, there was a failure to comply with the section referred to, unless the plaintiff was guilty of contributory negligence, the defendant was liable for injuries resulting from the collision. Of course, a child four years of age cannot be guilty of contributory negligence.

There were three assignments of error. The first was based on the alleged error of the court in not sustaining the motion to enter judgment for the defendant *non obstante veredicto*.

The second was the alleged error of the court in granting two instructions, Nos. 1 and 2.

The third was the failure of the court to set aside the verdict as being too uncertain to support a judgment.

We think neither of the instructions is subject to valid objection.

■ ■ No. 1 simply told the jury that if they believed from a preponderance of the evidence that the place of the accident was such as we have heretofore described it to be, as to the physical conditions which obtained, and that the driver saw a small boy suddenly cross the highway, it was his duty to take the necessary precaution to have his car under proper control so as to avoid injury, and if they believed he failed to do so and this proximately caused the injury, then they should find for the plaintiff, etc.

No. 2 properly brought before the jury the effect of driving on the left side or in the middle of the road, conditioned upon such act being the proximate cause of the injury.

What we have already said disposes of these assignments.

■ We are of the opinion that the objections to the form of the verdict are without merit.

The jury fixed the damages at a certain and definite amount. They believed that all of the defendants were liable and they said so.

The action of the court in deleting the verdict of two of the defendants, which was manifestly right, did not impair it as to the remaining and responsible defendant.

We said in *Williams* v. *Commonwealth*, 153 Va. 987, 994, 151 S. E. 151:

■ "This court will also go far in the disregard of defects in verdicts which have been accepted by the trial courts, but from which, notwithstanding such defects, the real finding of the jury may be determined, though it may not be accurately couched in the technical language of the law. It is always necessary, however, before a judgment can be entered upon a verdict, that it appear just what the jury found or intended to find".

In this case there can be no doubt as to what the jury found.

The trial court was plainly right in its rulings and its judgment is

*Affirmed.*

HUDGINS, J., dissenting.