**BIZZARO et al. v. PAYNE et al.**

No. 5743.

Circuit Court of Appeals
Fourth Circuit.

July 21, 1948.

Alexander H. Sands, of Richmond, Va. (Alexander H. Sands, Jr., of Richmond, Va., on the brief), for appellants.

S. Bernard Coleman, of Fredericksburg, Va. (Coleman & Gibson, of Fredericksburg, Va., on the brief), for appellees.

Before PARKER and DOBIE, Circuit Judges, and PRETTYMAN, Associate Justice, United States Court of Appeals for the District of Columbia (sitting by special assignment).

PRETTYMAN, Associate Justice.

This is an automobile accident case. Appellees Payne were plaintiffs below. On the day of the accident, they were driving north on the Richmond-Washington Highway a short distance north of Ladysmith, Virginia. The day had been rainy, and the road was wet. They were in the right-hand lane on the four-lane highway, which was a "black top" marked with double white lines in the middle.

Appellant-defendant Bizzaros were driving south on the same road. Mrs. Bizzaro was driving. The two cars approached each other on a long sweeping curve. The Bizzaro car suddenly went into a skid, crossed the entire four lanes, turned completely around, and its rear end smashed into the Payne car. Trial was had before a jury, and resulted in a verdict for the plaintiffs. The defendant Bizzaros appealed.

The only question presented upon this appeal is whether there was any evidence of negligence on the part of either of the Bizzaros. We think that there was sufficient evidence of negligence to present a question for the jury. That evidence concerned the speed, the handling of the car, the condition of the car, and the condition of the driver. Although the Bizzaros testi-

fied that they were driving at 25 to 30 miles an hour, there was evidence from which the jury might have concluded that they were traveling at a much greater speed. Mr. Bizzaro had been driving when they passed Quantico, which incident he remembered. He testified that Mrs. Bizzaro took the wheel "a few miles" south of Quantico and had been driving "about twenty minutes" (she said "about twenty-five minutes") when the accident occurred. It was shown that Quantico is 39 miles from the scene of the accident.

Mrs. Bizzaro testified that as she took the curve, "I stepped on my brake". When she put on the brakes, the car skidded. Mr. Bizzaro had been dozing. He thereupon awoke, and the two of them struggled for the wheel as the car crossed the road.

Just prior to the trip on which they had been, the Bizzaros had had the brakes tightened. South of Quantico they had driven through a long stretch of water, which came up to the running board of the car. They had no trouble with the brakes between that point and the point of the accident, but the evidence did not show that they had checked or examined them in any manner. It was the Bizzaros' theory that when Mrs. Bizzaro stepped on the brake, the front left wheel locked. She testified, "The brakes were what caused the trouble." There was expert testimony that when automobile brakes are submerged in water, the dust accumulated on the drums, and any oil substance that may have accumulated in the brake housing, may be washed over on the brake lining and cause the brake to lock.

This accident occurred about 4:15 or 4:30 in the afternoon. The Bizzaros had been driving since 5:30 in the morning. Mrs. Bizzaro had driven the car on only one long trip prior to the one here involved, although she had used the car for about three years for marketing and social purposes. On this particular day, she had been driving only about twenty or twenty-five minutes when the accident occurred.

The court instructed the jury carefully concerning the law of the road, the law of negligence, the law of sudden emergency, and the burden upon the plaintiffs to prove negligence by a preponderance of the evidence.

The law of the road applicable to this situation is quite simple. The Virginia statute forbids driving to the left of two adjacent solid lines marking double traffic lanes on a highway.[2] Therefore, one whose car is to the left of such lines has a burden of explanation.[3] And the law is that drivers must drive at such speed as is reasonable under the conditions then existing, and are charged with the duty of keeping their cars under adequate control at all times. A car may skid without the slightest negligence on any one's part, but, on the other hand, it may skid by reason of negligence. As the Supreme Court of Appeals of West Virginia said in Sigmon v. Mundy,[4] "The condition of the highway; the failure to take that condition into account; the speed of the vehicle considering the condition of the road; and the use of brakes are all matters which can be taken into consideration in determining the question of whether skidding was caused by some negligent act of the driver of a motor vehicle."[5]

It seems to us that the evidence which we have outlined above was sufficient to send the case to the jury upon the questions of the speed, the condition of the car, particularly the brakes, the operation of the car under the conditions of the highway and the weather, the operation of the car by Mrs. Bizzaro, and Mr. Bizzaro's action in grabbing at the wheel when he suddenly awoke. It follows that the judgment of the court below must be and it is hereby

Affirmed.

[2] Va.Code § 2154(114) (f), Michie 1942.

[3] Sheckler v. Anderson, 1944, 182 Va. 701, 29 S.E.2d 867; Driver v. Brooks, 1940, 176 Va. 317, 10 S.E.2d 887; Coerver v. Haab, 1945, 23 Wash.2d 481, 161 P.2d 194, 161 A.L.R. 909; Chick Transit Corp. v. Edenton, 1938, 170 Va. 361, 196 S.E. 648.

[4] 1943, 125 W.Va. 591, 25 S.E.2d 636, 639.

[5] See, also, e. g., Brinegar v. Green, 8 Cir., 1941, 117 F.2d 316.