## Richmond

BIRTCHERD DAIRY, INCORPORATED v. PAUL T. EDWARDS, ADMINISTRATOR OF THE ESTATE OF HENRY DALE EDWARDS, DECEASED, ET AL., ETC.

March 5, 1956.

Record No. 4465.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Woodward & Ward*, for the plaintiff in error.

*Bangel, Bangel & Bangel* and *Seawell, Johnston, McCoy & Winston*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

Henry Dale Edwards, a child of three years, was struck and killed by a truck owned by Birtcherd Dairy, Incorporated, and operated by its agent. His administrator brought this action for damages against the Dairy Company and William E. Morris, trading as Ideal Bakery, charging that the concurring negligence of both was the cause of the decedent's death. There were a verdict and judgment against the Dairy Company and in favor of Morris, from which the Dairy Company appeals.

The accident happened about 1:30 p.m. on April 24, 1953, on Elliott avenue, which runs east and west, in Norfolk county. The paved surface of the road there was about twenty feet wide, with dirt shoulders on each side six or seven feet wide, customarily used for parking cars, and the road was straight for two or three blocks to the east of the accident.

The dairy truck approached the scene of the accident from the east, going west at a speed of twenty to twenty-five miles an hour. The evidence of its driver, Burt, was to the effect that he saw the bakery truck, which was owned and operated by the defendant Morris, parked entirely on the pavement, or practically so, on its right, or the north, side of the road, in his lane of travel. Some children and one or two adults were standing grouped around the rear of the bakery truck. Burt slowed down to about ten miles an hour and pulled to his left side of the road in order to pass. At the same time a Chevrolet car was parked headed west on the left or south shoulder of the road practically even with or slightly forward of the bakery truck on the opposite side. Another car was parked a short distance in front of this Chevrolet. As the dairy truck was about half way past the bakery truck, the Edwards child ran out in front of the Chevrolet, between it and the car in front of it, into the path of the dairy truck, not more than six or seven feet from it, and was struck before Burt could avoid the accident. He described as only a fraction of a second the time between his first

seeing the child and its being struck by the left headlight of his truck. When the truck was stopped the child was lying just a few feet back of its rear bumper.

The evidence for the defendant Morris was to the effect that he had parked his bakery truck on its right-hand, or the north, side of the road, with its right wheels about two feet off the pavement, leaving fifteen or sixteen feet to its left open for traffic. There were other cars parked on that side and this was the only space available to him for parking at that point and he had pulled as far to his right as he could. After stopping his truck he went into a house on the same side of the street and delivered a loaf of bread to a customer. He had returned to his truck, where about three customers were waiting to make purchases from his stock of pastries in the truck; but before a sale was completed the accident happened, less than a minute and a half after he had parked. The place of accident, he said, was thirty or forty feet west of his truck. There was other evidence, however, to the effect that there was nothing to prevent Morris from parking his truck off the pavement.

The evidence for the plaintiff tended to prove that the Chevrolet was parked several feet west of the bakery truck and that it was sixty or seventy-five feet from the Chevrolet to the nearest car parked west of it on the south side of the road; that when the Edwards child was struck he was standing still on the shoulder of the road close to the hard surface, ten or twelve feet in front of the parked Chevrolet and thirty to fifty feet west of the bakery truck.

The negligence alleged against the Dairy Company was that Burt, its driver, should have seen the child in time to avoid striking it, and that after passing the bakery truck he negligently continued to drive on his left of the road; and against Morris, owner of the bakery truck, that it was illegally parked.

On this appeal the Dairy Company concedes that the question of its negligence was for the jury, but contends that the court erred in giving and refusing instructions to its prejudice and unduly favorable to Morris, its codefendant. The plaintiff argues that the judgment against the Dairy Company should be upheld but assigns cross-error to the judgment in favor of Morris. Morris contends that he was guilty of no negligence, but if he was it was not a proximate cause of the accident.

The case against Morris was for the jury to decide. He parked

his truck on, or mostly on, the pavement. Section 46-256 of the 1950 Code provides that no vehicle shall be stopped so as to impede or render dangerous the use of the highway by others (with an exception not here applicable); and § 46-257 forbids the stopping of a truck or bus on the traveled portion of any highway for taking on or discharging cargo or passengers unless the driver cannot leave the traveled portion with safety. The violation of such statutes is negligence. *Moore* v. *Virginia Transit Co.*, 188 Va. 493, 497, 50 S. E. (2d) 268, 271; *Powell* v. *Virginian Ry. Co.*, 187 Va. 384, 390, 46 S. E. (2d) 429, 432. The evidence presented a factual question both as to whether Morris violated one or both of these statutes and as to whether his act was a proximate cause of the accident. The validity of the judgment in favor of Morris, therefore, depends also on the correctness of the instructions.

The Dairy Company contends, first, that there was error in giving Instruction 1-A for the plaintiff in these words: "The Court instructs the jury that under the evidence in this case you cannot find a verdict in favor of both defendants."

Morris now contends that this instruction was proper. His present contention loses force, however, when we observe that he urged the opposite in the trial court and there "earnestly contended" that it told the jury that the plaintiff was entitled as a matter of law to recover against one or both of the defendants, whereas the jury could find that the plaintiff had failed to prove a case against either defendant. We agree with his position in the trial court. The case against both defendants, as we have said, was for the jury and it was error to instruct it, as this instruction did, that it must find a verdict against one of them. It was in effect a peremptory instruction directing a verdict against one of the defendants on evidence which presented an issue of fact as to both and, hence, was contrary to the mandate of § 8-218 of the Code. *Small* v. *Virginia Ry. and Power Co.*, 125 Va. 416, 99 S. E. 525; *Atkinson* v. *Neblett*, 144 Va. 220, 132 S. E. 326; *Ward* v. *Clark*, 163 Va. 770, 177 S. E. 212.

This case differs materially from the cases of *Smith* v. *Turner*, 178 Va. 172, 16 S. E. (2d) 370, and *Petcosky* v. *Bowman*, 197 Va. 240, 89 S. E. (2d) 4. In those cases the evidence was undisputed that one or both of the defendants were negligent. No act of the plaintiffs contributed in any way to the accidents and each had a clear right to recover against one of the defendants.

In order for the plaintiff to recover in the present case the jury

must find from the evidence that the proximate cause of the accident was the negligence of one or both of the defendants and against the contention of the defendants that the sole proximate cause was the act of the child in running in front of the truck. As it turned out, the instruction did Morris no harm because the jury found in his favor, but it was clearly prejudicial to the Dairy Company.

There was no error in giving plaintiff's Instruction No. 1, which simply stated the established principle that a child between three and four years old is conclusively presumed to be incapable of contributory negligence. *Sheckler* v. *Anderson*, 182 Va. 701, 707, 29 S. E. (2d) 867, 869. However, the court was warranted in refusing Instruction M-B-7, asked for by both defendants, which would have told the jury that an act of a child that age may be the sole proximate cause of his death. As worded, it was argumentative and unduly emphasized that theory of the case.

In plaintiff's Instruction No. 2 the jury were told that if Morris stopped his truck in such "unreasonable" manner as to impede or render dangerous the use of the street by others, he was negligent, and if that negligence was a proximate cause of the accident they should find a verdict against Morris. The Dairy Company objected to the word "unreasonable" on the ground that if Morris stopped his truck on the paved surface so as to impede traffic, such act was a violation of the statute and it was not a question of whether it was reasonable or unreasonable.

The objection was well taken. The statute, § 46-256, *supra*, prohibits stopping in such a manner as to impede or make dangerous the use of the highway by others. The question for the jury was whether the stopping of the bakery truck on the road did in fact impede or make dangerous the use of the highway, not whether such impeding or making dangerous was reasonable or unreasonable. The insertion of the word "unreasonable" in the instruction in effect added a qualification to the statute not warranted by its terms. It allowed the jury to decide that some impeding or making dangerous was permitted, depending on the extent of it, the duration of it, and effect of it, the purpose of the driver, or such other circumstances or condition as the jury might determine. By that means the statute could be applied or not, according to the judgment of the jury, and in such way as to amount to an amendment of it.

This instruction improperly narrowed the legal duty of Morris and thereby diminished the scope of his responsibility for the

accident to the prejudice of his codefendant, the Dairy Company. This result was contributed to by the introduction by Morris, over the objection of the Dairy Company, of an ordinance of Norfolk county making it unlawful to park a truck or bus on a street of a residential district in the county "except for the purpose of taking on or discharging cargo or passengers." Morris argues that this ordinance gave him a right to stop his truck on the street to deliver a loaf of bread to the home of a customer. He had completed that act, however, and at the time of the accident was making a sale of merchandise from his truck. We think the ordinance was not applicable to the situation shown by the evidence; that it did not relieve Morris of the duty placed on him by § 46-256 of the Code, *supra*, and it should not have been admitted into the evidence.

Error is assigned to the giving of Instruction M-6 for Morris on the ground that it was merely repetition of his Instruction M-1. Instruction M-6 could well be omitted on a retrial.

The remaining assignment, with respect to including in plaintiff's instruction on damages reference to the probable earnings of the deceased, was answered adversely to appellant's contention by the case of *Gough* v. *Shaner, Adm'r*, 197 Va. 572, 90 S. E. (2d) 171.

The judgment below is reversed and the case is remanded for a new trial as to both defendants consistent with this opinion.

*Reversed and remanded.*