## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Donald Earl Sullivan

v.

Troy Cleek

January 15, 1992

Case No. L-91–336

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this unusual personal injury action, an unlicensed teenaged driver asserts a claim for damages against the person who he says supplied alcoholic beverages to him and allowed him to operate an automobile without proper supervision. The defendant demurs.

Pursuant to established principles, the court, when considering a demurrer, accepts as true all facts alleged in the plaintiff's pleadings and all reasonable inferences that can be drawn from those allegations. *West Alexandria Properties, Inc. v. First Virginia Mortgage,* 221 Va. 134 (1980). Therefore, the recitation of facts which give rise to this action are taken from the motion for judgment and for the purposes of this opinion are assumed to be true.

In August of 1988, the defendant permitted the plaintiff to drive an automobile owned by a third party. At the time, the car was in the possession of the defendant by permission of the owner. The defendant knew or should have known that the plaintiff was only sixteen years old, did not have an operator's license, and was under the influence of alcohol. In fact, the defendant supplied alcoholic beverages to the plaintiff. While driving the car on Route 17 in Spotsylvania County, the plaintiff struck a guard rail. He was ejected and struck by a second vehicle, incurring serious personal injuries.

The defendant's demurrer sets forth two grounds. First, the defendant contends that the allegations in the motion for judgment

show that the plaintiff was intoxicated at the time he operated the vehicle, and therefore, he was contributorily negligent as a matter of law. Second, the defendant says that Virginia does not recognize a cause of action for negligent entrustment where the injured party is the person to whom the vehicle was entrusted.

Assuming arguendo that the defendant was negligent in entrusting a car to this sixteen-year-old unlicensed plaintiff, knowing or having reason to know that he had consumed an excessive amount of alcohol, the question is whether the allegations in the plaintiff's pleading conclusively establish the plaintiff's own negligence so as to bar recovery as a matter of law.

The standard of conduct to which a child must conform for his own protection is that of a reasonable person of like age, training, intelligence, and experience under the circumstances. *Norfolk & Portsmouth Belt Line RR. v. Barker*, 221 Va. 924 (1981). Although chronological age is not the only factor in determining a child's maturity, certain presumptions apply. First, a child under seven years of age is conclusively presumed to be incapable of contributory negligence. A child between the ages of seven and fourteen is presumed to be incapable of contributory negligence. This presumption is rebuttable, but the burden is on the defendant to overcome it. A child over the age of fourteen is presumed to be capable of contributory negligence. This, too, is a rebuttable presumption. The over-fourteen plaintiff who contends that he lacks capacity to be contributorily negligent must overcome the presumption of capacity. *Grant v. Mays*, 204 Va. 41 (1963); Friend, *Personal Injury Law in Virginia* (1990), § 5.1.5.

Here, the plaintiff was sixteen years old at the time of the accident. Thus, he is presumed to have been capable of contributory negligence. Nothing in his pleading suggests anything that would refute this presumption or entitle a jury to consider lack of capacity.

In order to make a case against the defendant under these circumstances, the plaintiff has had to allege that the defendant knew or should have known that (1) the plaintiff had only a learner's permit and was not supposed to operate an automobile without supervision, (2) the plaintiff had been drinking alcoholic beverages, (3) the plaintiff was an unfit driver, and (4) the plaintiff was impaired by the influence of alcohol. Of course, in order for the defendant to know or have reason to know those things, they had to be so. It follows that

the plaintiff concedes in his pleading that he was an unfit driver, an unlicensed driver, and an intoxicated driver. One who drives while unlicensed and "unfit," while under the influence of alcohol so that his "judgment" and "muscular coordination" (i.e., his ability to drive) are "impaired or destroyed," is negligent as a matter of law. *Va. Model Jury Instructions -Civil,* Vol. I, No. 15.000, and cases cited thereunder. In admitting these facts in his motion for judgment, the plaintiff admits that he was contributorily negligent. Therefore, the plaintiff's claim is barred.

The plaintiff alleges that the defendant's acts also amounted to gross negligence. Nevertheless, contributory negligence is a bar to the action. *See, Thomas v. Snow,* 162 Va. 654 (1934); *Griffin v. Shively,* 227 Va. 317 (1984).

The plaintiff also alleges that the defendant was "reckless as to evince a conscious disregard for the safety of others." Insofar as the language may be sufficient to set forth a claim of willful and wanton conduct, contributory negligence would not be a bar unless the plaintiff's negligence also amounted to willful and wanton conduct. *Griffin v. Shively, supra.* It is doubtful that the quoted language properly asserts willful and wanton conduct. *See* Friend, *supra,* § 3.5. If it does, however, it is not supported by the more particular facts alleged in the motion for judgment. As a matter of law, the defendant's actions detailed in the motion for judgment do not constitute the sort of egregious misconduct that imposes liability even though the plaintiff himself was negligent.

Further, the court agrees with the defendants that the doctrine of negligent entrustment applies when (1) a person entrusts an automobile to an unfit driver, (2) knowing or having reason to know that the driver is unfit, and (3) the driver negligently injures a third party as a result of the unfitness. *Denby v. Davis,* 212 Va. 836 (1972). The doctrine cannot logically be extended to allow the unfit driver himself to assert a claim against the "entrustor" because an essential element of negligent entrustment is that the driver *negligently* injures someone because of his *unfitness.* To permit such a claim would abrogate the principle of contributory negligence in such cases.

In his memorandum, the plaintiff argues that the defendant breached a duty of care and violated a statute by supplying alcohol to the plaintiff. Even if that is true, the applicability of the doctrine of

contributory negligence, explained above, bars recovery under the facts alleged in this case.

The demurrer will be sustained, and the action will be dismissed.