## CIRCUIT COURT OF THE CITY OF RICHMOND

Daren Singleton

v.

Harris Family Trust et al.

September 24, 1992

Case No. LT 2118

BY JUDGE ROBERT L. HARRIS, SR.

The parties, by counsel, appeared before the Court on August 24, 1992, upon the Plaintiff's Motion in Limine. The Plaintiff sustained severe burns from scalding water in a bathtub while bathing at his brother's apartment. It is alleged by the Plaintiff that the proximate cause of his injuries was the Defendants' negligently allowing a residential water heater to produce excessively hot water. Because of evidence that the Plaintiff's cognitive abilities are significantly impaired (approximately equal to those of a six-year old infant), his counsel sought to have the Court treat him as an infant under seven years of age and as therefore legally incapable of contributory negligence. Related to that fundamental request was a request that evidence of the Plaintiff's mother's negligence, if any, be excluded from the trial, since the negligence of a parent cannot be imputed to a child. Because the Court finds that the Plaintiff is not, at this juncture, entitled, as a matter of law, to a ruling that he is incapable of contributory negligence, there is no need to consider the appropriate treatment of his mother's negligence, if any.

Although the Plaintiff's argument is intriguing, the Court finds that it attempts to stretch certain presumptions granted minors into a complete circle and, therefore, standing alone, must fail. However, the Court also rejects the Defendants' contention that, as a matter of

law, the Plaintiff here *must* be held to the standard of care of the reasonably prudent person.

> In Virginia, a child under 7 years of age is conclusively presumed to be incapable of contributory negligence. Children between the ages of 7 and 14 are presumed to be incapable of exercising care and caution for their own safety, and this presumption prevails unless rebutted by sufficient proof to the contrary.
>
> After a child reaches the age of 14, he loses the benefit of all presumptions in his favor. He is presumed to have sufficient capacity to be sensible of danger and to have the power to avoid it, and this presumption will stand until overcome by clear proof of the absence of such discretion as is usual with infants of that age.

*Grant v. Mays*, 204 Va. 41, 44, 129 S.E.2d 10, 12–13 (1963) (citations omitted).

In *Grant*, the Virginia Supreme Court allows for an irrebuttable presumption that children chronologically under the age of seven have insufficient experience and cognitive abilities to appreciate and avoid danger. Accordingly, a plaintiff in that age group need produce no evidence of such inability, and a defendant may introduce no evidence to the contrary. What the Plaintiff seeks to do, in the case at bar, is produce evidence of such an inability, in which experts, for quantification purposes, evaluate the Plaintiff as functioning mentally at the level of a six-year-old child. Plaintiff's counsel then argues that such evidence entitles him to the same presumptive inability which obtains to infants chronologically under the age of seven, a presumption which itself requires no introduction of evidence and cannot be rebutted.

The rules articulated in *Grant* (and the cases cited therein) clearly focus on chronological age not only for practical purposes, but because the passage of time allows for increased empirical opportunities. *Cf., Doe v. Dewhirst*, 240 Va. 266, 268, 396 S.E.2d 840, 842 (1990) ("The presumption of incapacity [for a ten-year-old infant] is overcome when the evidence shows that a reasonable person of like age, intelligence, *and experience* would understand the danger of his conduct under the same or similar circumstances.") (Emphasis added). Consequently, the Court must start with the Plaintiff's chronological age, in the case at bar, twenty-three. Since, chronologically, he is classified as an adult, none of the cases discussing the

negligence of infants directly applies, nor do any of the presumptions which obtain to children.

However, although the Court rejects the Plaintiff's contention that his evidence of a "mental age" of less than seven years entitles him, as a matter of law, to be held to be incapable of contributory negligence, the Court also rejects the Defendants' contention that, as a matter of law, the Plaintiff here *must* be held to the standard of care of the reasonably prudent adult. The controlling case must be *Wright v. Tate*, 208 Va. 291, 156 S.E.2d 562 (1967). In *Wright*, the Virginia Supreme Court addressed the question of whether a twenty-two year old with some diminished mental abilities should be held to the same standard of conduct in caring for his own safety as would be any reasonable adult. Adopting the language of the Restatement (Second) of Torts, the court holds that "Mental deficiency which falls short of insanity, however, does not excuse conduct which is otherwise contributory negligence." *Id.* at 295, 156 S.E.2d at 565 (quoting Restatement (Second) of Torts § 464, cmt. g (1965)).

The Defendants argue that because no evidence of "insanity" has been offered, the Plaintiff must be held to the standard of care of the reasonably prudent adult. This Court does not believe that *Wright* stands for the absolute proposition that absent a clinical classification of an adult plaintiff as "insane," he will be bound to the same "reasonable person" standard of care that presumptively obtains to "sane" adults. The Court believes that the *Wright* court's concern was that gradations of mental capacity not create a complex, graduated scale of legal standards of care. "[A]n adult who is of low mentality but not insane is held to the same standard of care as a person of greater intellect. If the rule were otherwise, there would be a different standard for each level of intelligence resulting in confusion and uncertainty in the law." *Id.*, 156 S.E.2d at 565.

The critical question is whether a plaintiff's mental capabilities are diminished to such a degree as to make him functionally equivalent to one who is insane. In the context of contributory negligence, his abilities must be so impaired as to make him *"totally* unable to apprehend danger and avoid exposure to it." *Cooper v. County of Florence*, 385 S.E.2d 44, 46 (S.C. App. 1989) (Emphasis added) (Citing cases, including *Wright v. Tate*, for the common law rule that one suffering from a mental illness is held to the same standard of care as a sane person unless the impairment is such that he is absolutely incapable of appreciating danger); *See also, Current Deci-*

sions, 9 Wm. & Mary L. Rev. 879, 897–99 (1968) (characterizing Virginia as in "the decreasing minority of jurisdictions that continue to adhere to the older 'absolutist' approach" which requires that an adult be *"completely* lacking in the ability to apprehend and avoid danger because of his mental condition" in order to avoid application of the reasonably prudent person standard of care). Although the *Wright* court speaks in terms of "insanity" in evaluating the ability of an adult to appreciate and avoid danger, it is not necessarily using the term in the common, clinical form, as applied to specific mental disease entities, such as paranoia or schizophrenia.

In evaluating the legal standard of care required of infants, the Virginia Supreme Court has focused on whether there was an absence of capacity to appreciate danger and avoid it. This has been the focus regardless of the age of the infant involved. In *Grant*, the court noted that infants under the age of seven were "conclusively presumed to be *incapable of contributory negligence," Grant*, 204 Va. at 44, 129 S.E.2d at 12 (emphasis added), children between the ages of seven and fourteen were granted a rebuttable presumption that they were *"incapable of exercising care and caution for their own safety," id.*, at 44, 129 S.E.2d at 12 (emphasis added), and children over fourteen were presumed to be capable of protecting themselves from danger unless that presumption was "overcome by clear proof of *the absence of such discretion* as is usual with infants of that age." Id. at 44, 129 S.E.2d at 13 (emphasis added). Thus, there is either a presumption that the capacity to appreciate and avoid danger is absent, not simply diminished, or there is a requirement that clear proof of that absence, not diminishment, be shown.

There is no reason for this Court to believe that the Virginia Supreme Court, by adopting the term "insane" in *Wright*, meant to shift the focus it used in evaluating infant capacity. The Virginia Supreme Court, by utilizing the term "insane" and by expressing a concern for "confusion and uncertainty in the law," *Wright*, 208 Va. at 295, 156 S.E.2d at 565, is simply holding that it does not intend to allow plaintiffs to argue degrees of capacity. In the eyes of the law, an adult is either as capable of appreciating and avoiding danger as is any reasonably prudent adult, or he is as absolutely incapable as an infant under the age of seven is presumed to be, a condition which, in an adult, would be tantamount to insanity. Accordingly, it is a demonstration of the requisite absolute incapacity to appreciate danger which is critical, not a demonstration of clinical "insanity."

The problem for the plaintiff in *Wright* was not that he had no legal right to show he was as functionally incapable of being contributorily negligent as an infant under the age of seven but that his evidence failed to demonstrate such an incapacity.

> Here, the evidence shows that plaintiff's decedent was a person of low mentality who was capable of performing only the simplest of tasks, could not be trusted around machinery because "he might get hurt," and lacked initiative. There was no showing that he was insane or that a guardian had ever been appointed to care for either his person or property. There was no medical testimony with regard to his mental status.

*Id.* at 295, 156 S.E.2d at 565. The court coupled this lack of evidence of sufficient incapacity with evidence that the plaintiff did, in fact, appreciate the danger to which he was exposed, to hold that he was, as a matter of law, contributorily negligent.

> Plaintiff's decedent voluntarily entered the car at Hollybrook which was driven by defendant at high speeds and in a very reckless manner. When the group reached the restaurant . . . and stopped for beer, Kermit Gussler requested that he be permitted to drive back to Hollybrook, but his request was denied. He then asked the occupants to "hitchhike" back to Hollybrook with him. No one accepted his invitation and they started on the return trip, with defendant driving the vehicle. *But before they left the mountain, plaintiff's decedent told Kermit Gussler that he should drive the car. This fact is uncontradicted. Hence, plaintiff's decedent recognized his safety was in jeopardy with defendant driving.*

*Id.* at 296, 156 S.E.2d at 566 (emphasis added).

The *Wright* court passed judgment on the propriety and legal accuracy of jury instructions which effectively allowed the jury to find that the plaintiff was not capable of contributory negligence despite an absence of evidence to support such a finding. *See, id.*, at 294–95, 156 S.E.2d at 565. This is different from what the Court in the case at bar is requested to rule. Here, the Court is asked to find, prior to the introduction of evidence, that the Plaintiff is entitled to an instruction treating him as a six-year-old child, incapable of contributory negligence. Similarly, the Defendants ask that the Court find, prior

to the introduction of evidence, that because the Plaintiff is chronologically an adult and not legally insane, they are entitled to a standard contributory negligence instruction based upon a reasonably prudent person standard of care. As discussed, the Court believes that both positions, at this juncture in the case, are incorrect.

Although *Wright* denies to this Plaintiff, at this stage in the case, entitlement to an instruction preventing the jury from considering the Plaintiff's contributory negligence, if any, it does not prevent the Plaintiff from offering evidence of his *total* inability to apprehend danger and to avoid it. *Cf.* Reply Brief of Appellant at 4, *Wright*, 208 Va. 291, 156 Va. 562 (1967) (No. 6459) ("Appellee says that the trial court stated the issue to be 'whether or not the plaintiff's decedent was so devoid of intelligence as to be unable to apprehend apparent danger and avoid exposure to it.' If this were true, Appellant would not complain.").

Accordingly, the Court will allow the Plaintiff to introduce evidence to show that he was so intellectually impaired as to be absolutely incapable of apprehending and avoiding the danger to which he was exposed. Although the *Wright* court discussed the sort of evidence which can be useful in demonstrating the necessary absolutely incapacity, it does not discuss the evidentiary standard. Since in the case of infants of fourteen or older, the Virginia Supreme Court has required "clear proof" to overcome a presumption of "sufficient capacity to be sensible of danger," *Grant*, 204 Va. at 44, 129 S.E.2d at 12, and since the Virginia statute dealing with appointment of a guardian for those who are mentally incompetent refers to "clear and convincing evidence," Va. Code Ann. § 37.1–128.1 (1992), the Court believes that the Plaintiff must present clear and convincing evidence of his absolute incapacity to apprehend and avoid danger. Such a requirement would be harmonious with the stringent requirements the *Wright* court placed upon adult plaintiffs seeking to excuse conduct which would be considered contributorily negligent in the reasonably prudent person. Relevant evidence will be presented at the time of trial since it will be for the jury to decide the Plaintiff's capacity to be contributorily negligent. *Cf., Carlton v. Martin*, 160 Va. 149, 155, 168 S.E. 348, 349 (1933) ("The general rule is that capacity of an infant to be guilty of contributory negligence is a jury question.") However, if the evidence offered is insufficient to support presentation of this question to the jury, i.e., if there is insufficient evidence presented by which a reasonable jury

could find, by clear and convincing evidence, that the plaintiff is absolutely incapable of appreciating and avoiding danger, the Defendants will be entitled to a standard instruction on contributory negligence. Of course, if, following the presentation of evidence, the Court finds that, as a matter of law, the Plaintiff was capable of contributory negligence, *and* that, as a matter of law, his actions constituted contributory negligence, the Court will strike the Plaintiff's evidence.