EDDIE DUANE ENDICOTT, AN INFANT, ETC.

v.

LORENE G. RICH AND THE GILLETTE COMPANY

Record No. 830823

September 5, 1986

Present: All the Justices

*George Mason, III; William T. King (Mason, Williams & Mason*, on brief), for appellant.

*Robert W. Wooldridge, Jr. (Grady C. Frank, Jr.; Boothe, Prichard & Dudley*, on brief), for appellees.

THOMAS, J., delivered the opinion of the Court.

This is an appeal of a negligence action in which the trial court struck the plaintiff's evidence at the conclusion of plaintiff's case. Eddie Duane Endicott, a thirteen-year-old boy who was riding a bicycle on State Route 205 in King George County, was involved in a collision with a car driven by Lorene G. Rich. Endicott sued Rich through his mother and next friend. At the conclusion of plaintiff's case, the trial court ruled as a matter of law that Rich was not negligent and that Endicott was contributorially negligent.

On appeal, Endicott contends that both rulings were in error; we agree. Therefore, we will reverse the judgment of the trial court.

The evidence and all reasonable inferences arising therefrom must be viewed in the light most favorable to Endicott. The accident occurred on May 18, 1980. Endicott and his twelve-year-old friend Rodney Staples were together at Staples' house when the two boys asked permission from Staples' parents to ride their bicycles to the store to get something to drink. The boys received permission to make their trip and were cautioned to be careful.

Once on Route 205, the boys rode, for the most part, on the right hand edge of the paved road between the outside painted strip and the edge of the paved portion of the road. However, just

prior to the collision, Endicott was telling Staples about a fish he had caught which broke his fishing pole. As Endicott related the story, he slowed his pace and Staples came up beside him. As a result, immediately before the collision, the boys were riding side by side with Endicott on the inside and Staples on the outside; both boys were on the paved surface. Prior to the accident, no cars had passed Endicott from the rear and Endicott was unaware that Rich's car was approaching from behind.

Rich saw Endicott and Staples when the boys were about one-half mile in front of her. She recognized that she was looking at two boys riding bicycles on her side of the road yet she could not determine whether they were riding towards her or away from her. Indeed, she testified that until the collision she was not sure in which direction the boys were riding. Rich could see that the boys were talking to each other because, according to Rich, their heads were together as they rode. However, as she approached the boys from the rear, she did not sound her horn. She simply took her foot off the gas pedal which, in her words, caused her car to slow down "automatically."

Next, she attempted to pass the boys by crossing the center line and going partially into the opposite lane. As Rich attempted to pass, Endicott looked up, saw the car and attempted to get to a position of safety by riding as quickly as he could towards the opposite side of the highway. Rich struck the back wheel of Endicott's bicycle in Endicott's lane. At the time of the collision, Rich's car was more in Endicott's lane than in the opposite lane.

Endicott contends that reasonable men could differ as to whether Rich breached any one of several duties owed Endicott as Rich approached the two boys from the rear. According to Endicott, Rich failed to maintain a proper lookout or to take advantage of what a proper lookout would have disclosed; failed to increase her vigilance and to act upon the assumption that the two boys might not operate their bicycles in a careful manner; and failed to keep her vehicle under control and to operate it at a speed governed by the circumstances.

In our view, the evidence raises a jury question as to whether Rich kept a proper lookout or took advantage of what a proper lookout would have disclosed. *See Neal* v. *Spencer*, 181 Va. 668, 26 S.E.2d 70 (1943). Though the boys were in Rich's view for one-half mile as she approached them and though she could see that they were boys and that they were talking, she never de-

termined that their backs were to her and that Endicott was unaware of her approach. The direction in which the boys were riding should have been important to Rich. If they were riding towards her she might have expected them to see her. However, if their backs were to her she should have known that there was a chance they were unaware of her presence. Additionally, had the case gone to the jury, the jury might have believed that if Rich could have observed that the riders were two boys and that they were engaged in conversation, then she should have observed that they were unaware of her presence.

 We are of the further opinion that there was evidence from which the trier of fact could have concluded that Rich did not increase her vigilance and did not act upon the assumption that the boys might not operate their bicycles in a careful manner. In *Coward* v. *Taylor, Adm'r*, 197 Va. 188, 89 S.E.2d 40 (1955), we wrote as follows about the duty that rests upon a motorist who sees a child in the road:

Where the driver of a motor vehicle sees, or should see, a child in or near a street or highway he must exercise that degree of care not to injure it that a person of ordinary prudence would exercise under similar circumstances, taking into consideration what is common knowledge — that *the actions of children are erratic and unpredictable* and that a child may act thoughtlessly and upon childish impulses. *Boyd* v. *Brown*, 192 Va. 702, 66 S.E. (2d) 559; *Williams* v. *Blue Bird Cab Co.*, 189 Va. 402, 52 S.E. (2d) 868; *Clark* v. *Hodges*, 185 Va. 431, 39 S.E. (2d) 252.

While the driver of a motor vehicle is not an insurer of the safety of children he may encounter upon the streets and highways, his duty toward them is not measured by the standards applicable to adults. Since children are *presumed to lack the knowledge and experience to know the essential danger or to estimate correctly the probable consequences of their acts in a given situation*, the duty of reasonable care required of the driver of a motor vehicle toward them is commensurate with the danger and probability of injury under the circumstances.

197 Va. at 191, 89 S.E.2d at 42 (emphasis added). In this case, Rich knew she was driving towards two boys on bicycles who were

engaged in conversation. She should have known that they might be unaware of her approach and that they might either move from their position of relative safety at the edge of the road or be startled to be overtaken by a fast moving car. Despite what she observed, Rich did not apply her brakes; she simply took her foot off the accelerator. Moreover, she did nothing, such as sounding her horn, to warn the boys of her approach. Rich had the duty to approach the boys with care appropriate to the circumstances. In *Edgerton v. Norfolk Sou. Bus Corp.*, 187 Va. 642, 655, 47 S.E.2d 409, 416 (1948) (quoting *Morris v. Peyton*, 148 Va. 812, 822, 139 S.E. 500, 503 (1927)), a case in which a twelve-year-old boy was struck and killed by a bus, we said that " '[t]he law recognizes the fact that children act upon childish instincts and impulses and requires those charged with the duty of care and caution toward them to calculate upon this and take precaution accordingly.' " There was ample evidence from which the trier of fact could have concluded that Rich failed to meet the duty imposed on her under the circumstances.*

■ We are also convinced that there was evidence from which the trier of fact could have concluded that Rich did not have her car properly under control when she attempted to pass the two boys. In *Ball v. Witten*, 155 Va. 40, 154 S.E. 547 (1930), we discussed the question of maintaining control over an automobile where children are present. In *Ball*, the defendant encountered a group of children walking in the road. Defendant sounded his horn, applied his brakes, and reduced his speed to between fifteen and eighteen miles per hour. Children ran to both sides of the road so that defendant had to drive between them in order to pass. As he did this, one child darted in front of his car and was killed. Defendant received a jury verdict in his favor. We reversed. We wrote as follows on the issue of the defendant's duty to control his vehicle:

---

* Endicott has raised a separate issue concerning a duty on Rich to sound her horn. Endicott argues that this duty either arises by operation of statute or through the application of common law principles. We need not resolve that specific issue to dispose of this appeal because we are of the view that whether Rich should have warned the boys of her approach either by sounding her horn or some other method is subsumed in the larger question whether she failed to increase her vigilance and to *act* upon the assumption that the boys might not be careful.

Under the surroundings then existing, if the defendant desired to pass between the children when the space between them was thirteen to fifteen feet, his obvious duty was, on approaching them, to bring his automobile under complete control and to exercise the care the danger of the situation demanded. Knowing, a sufficient interval in advance, that the children were of immature minds and could not take care of themselves; that they would likely commit some irresponsible act and that they were in a perilous position, *he should have proceeded with his automobile under such control that if necessary to avoid injury, he could have brought it to a stop.* If stopping was the only effectual means he had at his disposal to avoid the injury, then he should have exercised that means.

*Id.* at 47, 154 S.E. at 549 (emphasis added). Similarly, in *Transit Company* v. *Brickhouse, Adm'r*, 200 Va. 844, 108 S.E.2d 385 (1959) (reversed and remanded on other grounds), where a thirteen-year-old boy on a bicycle was struck and killed by a bus, we said the following:

[I]t was proper to submit to the jury the question of whether or not the bus driver in the exercise of reasonable care should have seen the boy so riding in front of him in time to have brought his bus *under such control as to be able to slow down or stop if necessary to guard against the uncertain movements of a young boy on a bicycle.*

*Id.* . . . (emphasis added); *accord Scott v. Crawford*, 172 Va. 517, 521, 2 S.E.2d 301, 302 (1939).

In the instant case, Rich attempted to pass two boys on bicycles who had their backs to her and who were obviously engaged in conversation. She was driving at 50 miles per hour. At such a speed there was little she could do if one of the boys darted in front of her car. There was sufficient evidence to permit the trier of fact to conclude that Rich did not have her car under control.

There was clearly enough evidence in the case to submit it to the trier of fact on the question of Rich's negligence. We hold, therefore, that the trial court erred in ruling as a matter of law that Rich was not negligent.

We turn now to the question whether the evidence developed in Endicott's case established that he was contributorily negligent

as a matter of law. The evidence on this issue was that at the time of the collision, Endicott was three months shy of turning fourteen; he was an experienced bicyclist having ridden a bicycle since he was four years old; he knew it was dangerous to ride a bicycle on Route 205; he had been warned by his parents on a prior occasion to be careful on Route 205; he was warned to be careful by Staples' father just before the boys left for the store; he knew that being careful meant riding on the edge of the road; and he knew that riding a bicycle on the hard-surface portion of Route 205 was dangerous.

In order to establish that Endicott was contributorially negligent, Rich had to meet two independent burdens of proof. This is so because, at the time of the collision, Endicott was only thirteen years old and was presumed incapable of negligence. *See Grant* v. *Mays*, 204 Va. 41, 129 S.E.2d 10 (1963). Consequently, Rich first had to rebut the presumption that Endicott was incapable of negligence. Only then would Rich be in a position to attempt to meet her next burden of proving that Endicott's conduct at the time of the collision amounted to contributory negligence. Despite this double-barreled burden resting upon Rich and despite the fact that the only evidence before the Court was adduced in Endicott's case, the trial court concluded as a matter of law that Endicott was contributorially negligent. In our opinion, this was error.

In order to rebut the presumption that Endicott was incapable of negligence, Rich was required to establish that in light of Endicott's age, intelligence, and experience, Endicott was capable of understanding and appreciating the nature of the danger and the peril associated with his conduct. *See Norfolk & Portsmouth Railroad* v. *Barker*, 221 Va. 924, 275 S.E.2d 613 (1981). Rich relies heavily on *Barker* in arguing that Endicott was contributorially negligent as a matter of law. *Barker* involved a ten-year-old boy who was injured while attempting to jump onto a moving train. The evidence was that the child had been jumping on trains for several years and that he knew jumping on trains was dangerous.

*Barker* is inapposite to the present case. There, the conduct that resulted in the injury was attempting to jump on a train. There, the child admitted knowing that the very conduct which led to the injury was dangerous. Here, however, Rich appears to argue that because Endicott had been warned and admitted knowing that it was dangerous to ride a bicycle along Route 205 he was contribu-

torially negligent as a matter of law. When analyzed closely, it is plain that Rich's argument is without merit.

■ The conduct which Rich says contributed to this accident was not that of riding on Route 205. Rich stated that had the boys ridden along the edge of the road there would not have been an accident. Indeed, according to Rich, even if Endicott had remained where he was on the paved portion of the road, at the time she attempted to pass, the accident would not have happened. The conduct Rich complains of is that Endicott "swerved in front of" her car. Rich said he attempted to cross to the other side of the road to avoid the collision. In order to prove Endicott's capacity, Rich was required to prove that in light of his age, intelligence, and experience, Endicott was capable of understanding and appreciating that it was dangerous for him to attempt to avoid a collision with a car approaching from his rear by riding his bicycle to the other side of the road. There is no proof in Endicott's case that he was capable of understanding that the choice he made to avoid the accident was a dangerous choice. On the contrary, the choice Endicott made goes far to show why the presumption exists. He made a childish decision to go to the opposite side of the road instead of to the side closer to him. Interestingly, his twelve-year-old companion made the same decision.

■ We hold that the trial court erred in ruling as a matter of law that Endicott was contributorially negligent. Therefore, we will reverse the judgment of the trial court and remand the case for retrial.

*Reversed and remanded.*

POFF, J., dissenting.

I dissent. Applying the rules and rationale in *Norfolk & Portsmouth Railroad* v. *Barker*, 221 Va. 924, 275 S.E.2d 613 (1981), I would affirm the trial court's holding that Endicott was guilty of contributory negligence as a matter of law.