## CIRCUIT COURT OF FAIRFAX COUNTY

Matthew L. Dewhirst

v.

Kenneth G. Brown
and John Doe

Case No. (Law) 82540

April 26, 1989

By JUDGE JOHANNA L. FITZPATRICK

This matter is before this court on John Doe's Motion in Limine to exclude evidence of medical bills incurred for the treatment of the plaintiff during his infancy. It is my opinion that the motion should be granted.

Two causes of action arise when a minor is injured: (1) a cause of action on behalf of the infant's parents for loss of services and expenses incurred in treating the child, and (2) a cause of action on behalf of the infant for pain and suffering. *Moses v. Akers*, 203 Va. 130 (1961). The court in *Moses* made clear that the right to recover for the hospital bills incurred while the infant was being treated belongs solely to the parents. The exceptions to this rule, which allow the minor to recover the expenses, include (1) where the child has paid or agreed to pay the expenses; (2) the child alone is responsible by reason of his emancipation or the death or incompetency of his parents; (3) the parents have waived the right to recovery in favor of the infant; or (4) recovery therefor is permitted by statute. *Id.* at 132.

In the case at issue, the plaintiff (Matthew Dewhirst) is attempting to recover under a cause of action which *belonged* only to his parents.[1]

The pleadings do not allege that the plaintiff agreed to be responsible for the medical expenses incurred or that the plaintiff falls within any of the other exceptions found in *Moses* which would allow him to recover for the medical bills paid. As a result, the Motion in Limine is granted and all evidence of the medical bills incurred for his treatment shall be excluded.

August 3, 1989

By JUDGE THOMAS A. FORTKORT

This case came forth to be heard on June 9, 1989, on Defendant's Motion to set aside the jury verdict rendered on behalf of the Plaintiff.

Defendant argues that the Court erred in the above trial by refusing to grant a jury instruction covering the defense of contributory negligence.

The Plaintiff, a ten-year-old minor at the time of the accident, alit from the passenger's side of a vehicle which was parked facing traffic by its driver. The child was struck by an oncoming car which left the accident scene without stopping.

The Defendant established from the testimony of the Plaintiff that he guessed that he may not have looked when he stepped from the car and that he did not remember. The Defendant also established from the Plaintiff and his mother that he was an intelligent child who knew to look for traffic when crossing the street.

The testimony from the Plaintiff's witnesses was that the oncoming car was exceeding the speed limit and

---

[1] Section 8.01-243(B) provides: "Every action for injury to property, including actions by a parent or guardian of an infant against a tortfeasor for expenses of curing or attempting to cure such infant from the result of a personal injury or loss of services of such infant, shall be brought within five years after the cause of action accrues." The accident upon which this cause of action is predicated occurred on June 3, 1978. Since more than five years have elapsed, the action is barred by the statute of limitations.

driving too close to the parked car. There was testimony that the street was very wide and that a person could fully open a door from a parked car and stand beside the door and still be several feet from the normally travelled portion of the road.

The Court believes that in order to make contributory negligence a jury question, the Defendant is required to show evidence:

1. That the Plaintiff committed a negligent act that was the proximate cause of his injury and

2. That the child was capable of negligence despite the presumption that a child under fourteen is incapable of negligence.

As to the first requirement, the burden rests on the Defendant to show that the Plaintiff's negligence was a "proximate, direct, efficient, and contributing cause of the injuries unless such negligence is disclosed by the Plaintiff's own evidence or may be fairly inferred from all the circumstances." *Charlottesville Music Center v. McCray*, 215 Va. 31, 37 (1974).

In this case, the Defendant has presented no evidence that the Plaintiff was negligent nor may any negligence be inferred from the Plaintiff's own testimony. The lone statement on the issue of contributory negligence is that the Plaintiff guessed that he may not have looked when he got out of the car. This statement, even if considered to be "I didn't look when I stepped from the car," is insufficient to create an issue of contributory negligence. There is no evidence to suggest that the accident occurred other than by the Defendant's excessive speed and driving too close to the parked car. We have no evidence that the point at which the Plaintiff was struck was a place where he should not have been. We have no evidence of what the Defendant may have seen or done to cause the accident which was contrary to the Plaintiff's evidence that the Defendant drove too close to the parked car at an excessive speed. The Defendant's case fails not because of the age of the Plaintiff but because he has not established proximate cause resulting from any negligent act of the Plaintiff.

Even if there was evidence of contributory negligence sufficient to send to the jury for deliberation, the Defendant's case must fail. To overcome the presumption

against contributory negligence by a child, the Defendant must show:

1. Knowledge of the precise danger this action would produce and

2. Capacity to understand that danger.

The two most recent considerations of the issue of contributory negligence of a child under fourteen years of age, *Norfolk and Portsmouth Railroad v. Barker*, 221 Va. 924 (1981), and *Endicott v. Rich*, 232 Va. 150 (1986), are instructive.

In *Barker*, the Supreme Court held that a ten-year-old boy injured while jumping on a moving train was contributorily negligent as a matter of law where the evidence was that the child had been engaging in the conduct for several years, that he had been warned by parents and friends that it was dangerous, and that he knew he could get hurt but was "willing to take that chance." Justice Compton, in dissent, felt that knowledge of the precise danger that the child was exposed to had to be further supported by a factual determination of the child's capacity to exercise sufficient discretion, self-control, and restraint to withstand the childish urge to take a chance.

The *Barker* case was clarified by the court's decision in *Endicott, supra.* In that case, a thirteen-year-old boy swerved in front of an oncoming car. The boy knew he was on a dangerous road and had been warned of the danger of biking on that particular road. The court distinguished *Endicott* from *Barker* because in *Barker* the child knew the "very conduct" which led to the injury was dangerous. In *Endicott*, the child swerved across the road to avoid the oncoming car. The court held that it was a jury question as to whether "in light of his age, intelligence, and experience, Endicott was capable of understanding and appreciating that it was dangerous for him to avoid a collision with a car approaching from his rear by riding his bicycle to the other side of the road." *Endicott* at 157.

The Supreme Court discussed the issue of the child's capacity to understand danger in *Stanley v. Tomlin*, 143 Va. 187 (1925). In *Stanley*, a father let his nine-year-old daughter out of the car he was driving to cross the road and open a gate blocking a driveway which he wished to enter. A car passed the father's car and struck the girl,

120

fatally injuring her. The court noted that the only evidence upon which to grant an instruction of contributory negligence was brought to light on cross-examination of the father, who stated that his daughter was nine years of age, had attended school "some, not much," and was of ordinary intelligence for a child of nine years of age. The court concluded that this evidence did not amount to a rebuttal of the legal presumption that she was not capable of exercising care and prudence.

The development of evidence that the child in the case at bar was intelligent and knew to look for cars before crossing is insufficient to gain an instruction. The situation the child found himself in was not the ordinary street crossing in which he may have been familiar. There is no evidence that this ten-year-old boy knew he was in danger by stepping out of the car at the moment he did. We do not know if he was cognizant of the danger imposed by stepping from the car into traffic when the car is parked facing traffic as opposed to being parked in the same direction as traffic flow. We do not know to what extent he may have relied on the driver to determine if he could exit safely.

In the care at bar, there is no evidence of any knowledge this ten-year-old might have had concerning the danger of exiting a car on the traffic side of the car. There is no evidence that his ct was a proximate cause of the injury, and finally, due to his leaving the scene of the accident, there was no opportunity to develop the Defendant's duty in this action. In *Ball v. Witten*, 155 Va. 40 (1930), the court discussed the duty of the driver to control his car in the presence of children. In *Endicott*, the court states the duty imposed by the *Ball* case in these words at page 155:

> He should have proceeded with his automobile under such control that if necessary to avoid injury, he could have brought it to a stop.

This Court concludes that an instruction against a minor Plaintiff under age fourteen on the issue of contributory negligence is not warranted where there is no evidence of the child's awareness of the danger of his action. Further, in this case, the Defendant produced

no evidence of proximate cause to support the proffered instruction.

While it is not necessary to determine the above ruling, the Court is of the opinion that counsel for a missing Defendant may be estopped from asserting the defense of contributory negligence where the actions of the Defendant driver and his concomitant duties cannot be fully explored due to his conscious decision to leave the scene of an accident and avoid the consequences of his actions.