JOHN DOE

V.

MATTHEW L. DEWHIRST

Record No. 891436

September 21, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and
Lacy, JJ., and Cochran, Retired Justice

*E. Stanley Murphy (Benjamin J. Trichilo; McGuire, Woods, Battle & Boothe; Lewis, Tydings, Bryan, Trichilo & Bancroft*, on briefs), for appellant.

*Warner F. Young, III (Hall, Markle, Sickels & Fudala*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this personal injury case, we deal with the sufficiency of proof of a 10-year-old child's capacity for contributory negligence. We also determine whether a lay witness was competent to estimate the speed of the defendant's car.

At approximately 11:00 p.m. on June 3, 1978, Matthew Dewhirst, then 10 and one-half years old, was seated in the front passenger seat of a station wagon driven by Kenneth G. Brown. After Brown parked facing traffic on the left side of a Fairfax residential street, Dewhirst opened the right front door and stepped into the travel lane of the street, about a foot from the

right side of the station wagon. Another car, which 'appeared at the crest of a hill about five car lengths away, approached the station wagon on the same side of the street and struck the open door. As a result, Dewhirst was injured when he was struck and thrown some distance behind the station wagon. The driver of the car did not stop at the scene and has never been identified.

Upon attaining his majority, Dewhirst filed this action against John Doe, as an unknown motorist, under the uninsured motorist provision of an insurance policy covering the station wagon.

During a jury trial on May 8, 1989, Dewhirst contended that Doe was negligent in speeding and driving his car too close to the station wagon. Although Doe claimed that Dewhirst was guilty of contributory negligence in alighting from the street side of the station wagon without looking for approaching traffic, the trial court refused to submit that issue to the jury. Doe appeals the judgment entered upon Dewhirst's $35,000 verdict.

## CONTRIBUTORY NEGLIGENCE

■ Doe contends that the evidence is sufficient to create a factual issue of Dewhirst's contributory negligence. Because the trial court excluded the issue of contributory negligence from the jury's consideration, we view the evidence on this issue in the light most favorable to Doe. *Medcom, Inc.* v. *C. Arthur Weaver Co.*, 232 Va. 80, 87, 348 S.E.2d 243, 247 (1986); *Bain* v. *Phillips*, 217 Va. 387, 389, 228 S.E.2d 576, 578 (1976).

■ Dewhirst, a child between the ages of seven and 14 years at the time of the accident, was presumed to be incapable of contributory negligence, and the burden was upon Doe to overcome that presumption, unless Dewhirst's capacity was shown by his own evidence. *Norfolk & Portsmouth Railroad* v. *Barker*, 221 Va. 924, 929-30, 275 S.E.2d 613, 616 (1981). The presumption of incapacity is overcome when the evidence shows that a reasonable person of like age, intelligence, and experience would understand the danger of his conduct under the same or similar circumstances. *Id.* at 929, 275 S.E.2d at 616.

Relying primarily upon *Endicott* v. *Rich*, 232 Va. 150, 348 S.E.2d 275 (1986), the trial court held that because there was no evidence that Dewhirst had "knowledge of the precise danger" of leaving the station wagon under the circumstances shown by the evidence, Doe had not overcome the presumption of incapacity. In *Endicott*, however, we reversed a trial court's decision which held

a 13-year-old boy guilty of contributory negligence *as a matter of law* and remanded the case for trial for a factual determination of his negligence. *Id.* at 157, 348 S.E.2d at 279.

In *Barker*, we held that a 10-year-old boy's capacity and his knowledge of the danger of the conduct which caused his injury were shown as a matter of law. 221 Va. at 930, 275 S.E.2d at 616-17. *Endicott* held that to establish a 13-year-old's capacity and knowledge *as a matter of law*, the trial court must conclude that the child was *actually* aware of, and understood, the particular danger confronting him. 232 Va. at 157, 348 S.E.2d at 279.

■ Dewhirst's mother testified that at the time of the accident, he was bright and responsible. Although Dewhirst testified that he probably did not look before leaving the station wagon, he and his mother testified that at 10 and one-half years of age, he knew the importance of looking for oncoming traffic before alighting from a vehicle. We hold that this evidence is sufficient to create a jury issue as to whether Dewhirst had the capacity and knowledge to understand the danger of stepping into the travel lane of the street without looking for approaching traffic.

Even so, Dewhirst argues that a jury could not have found that he was negligent in stepping out of the station wagon without looking for approaching traffic, because he had no duty to look. We have held otherwise.

■ "A person alighting or preparing to alight from an automobile . . . into the traveled portion of the street must exercise reasonable care by looking and listening for traffic." *Eggleston* v. *Broadway-Manhattan Taxicab Corp.*, 194 Va. 584, 587, 74 S.E.2d 212, 214 (1953) (citation omitted). Dewhirst seeks to distinguish *Eggleston* on the ground that the plaintiff was an adult in that case. Dewhirst's infancy, however, does not relieve him of a duty to look if an infant of "the same age, experience, discretion and knowledge [would have looked] under the same or similar circumstances." *Grant* v. *Mays*, 204 Va. 41, 45, 129 S.E.2d 10, 13 (1963). As we have demonstrated earlier, it was for the jury to decide whether Dewhirst possessed these capabilities.

■ Finally, Dewhirst contends that, as a matter of law, his negligence in failing to look could not have been a proximate cause of the collision. Whether a plaintiff's negligence is a proximate cause of his injuries is typically a jury issue. *Hadeed* v. *Medic-24, Ltd.*, 237 Va. 277, 285, 377 S.E.2d 589, 593 (1989). We conclude that the evidence is sufficient to create a factual issue as to whether

Dewhirst could have seen Doe's approaching car, or the glare of its headlights coming over the hill, before he stepped out of the station wagon.

For these reasons, we are of opinion that the trial court erred in refusing to submit the issue of Dewhirst's contributory negligence to the jury.

### OPINION EVIDENCE OF SPEED

Because the question may arise again on retrial, we consider whether the trial court properly permitted a lay witness to express an opinion regarding the speed of Doe's car. Frederick Tibbitts Elliott, then 13 years old, was seated in the rear seat of the station wagon directly behind Dewhirst's seat. Testifying by deposition, Elliott estimated the speed of Doe's car to be 35 to 45 miles per hour.

■ "In order to be competent to testify on the subject the witness must have had a reasonable opportunity to judge the speed of the automobile." *Moore* v. *Lewis*, 201 Va. 522, 525, 111 S.E.2d 788, 791 (1960). The only opportunities Elliott described were his momentary observations of Doe's car at the moment of impact and a later glimpse of its taillights an unspecified distance away, as he stepped out of the station wagon to help Dewhirst. Elliott testified that he "looked at [Dewhirst] and looked up at the car and, you know, looked around." Thus, Elliott did not demonstrate that he had a reasonable opportunity to form an opinion of Doe's speed, and the court erred in permitting this testimony.

■ Because the trial court erred in excluding the issue of Dewhirst's contributory negligence from jury consideration, we will reverse the judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*