# CIRCUIT COURT OF THE CITY OF RICHMOND

Fahlando Terry,
an infant, etc.

v.

William A. Harris

August 8, 2001

Case No. LM-1781-4

BY JUDGE RANDALL G. JOHNSON

This is an action for the approval of an infant settlement pursuant to Va. Code § 8.01-424 and for a reduction of a Medicaid lien pursuant to Va. Code § 8.01-66.9. At an ore tenus hearing on July 26, 2001, the court approved the settlement but took under advisement the request for a lien reduction.

Fahlando Terry is nine years old. On September 30, 2000, when he was eight, he was struck by a car driven by the defendant, William A. Harris. From the representations of all counsel, it appears to be a classic "dart out" case; that is, Fahlando, who was apparently playing with other children, darted out into the street and into the path of Harris' car. Because of his age, Fahlando is presumed to be incapable of contributory negligence, although that presumption can be overcome by sufficient evidence to the contrary. *See, e.g., Virginia Elec. & Power Co. v. Dungee*, 258 Va. 235, 246-47, 520 S.E.2d 164 (1999); *Doe v. Dewhirst*, 240 Va. 266, 268, 396 S.E.2d 840 (1990). Unless the defendant could overcome the presumption at trial, the real question would have been whether the defendant, exercising the care that a reasonable person would have exercised, should have been able to avoid the collision. Based on counsel's representations at the ore tenus hearing, it is not at all clear how a jury would have answered that question. In spite of that uncertainty, or perhaps because of it, defendant's insurer offered $50,000, which is the limit of its coverage, to settle the case. The offer was accepted by plaintiff, who

sues by his mother and next friend, Latoria Terry, and the court, as already noted, approved the settlement on July 26.

Plaintiff was seriously injured, including a "degloving" injury of the dorsum of his right foot when defendant's car ran over it. He was operated on and has significant scarring on his foot. According to at least one of his doctors, the injury is permanent. A skin graft performed at the time of surgery has also left a significant scar on plaintiff's thigh. Both scars will undoubtedly be permanent.

Plaintiff's total medical bills were almost $60,000. After write-offs and other adjustments, the amount still outstanding is $15,742.40. Of that amount, $15,737.90 is the Medicaid lien that plaintiff seeks to have reduced. Plaintiff's lawyer has reduced her one-third contingency fee to one-fourth, or $12,500, and has incurred out-of-pocket expenses of $218.65. There is one other expense item of $124.10 to Smart Corporation, which was not explained at the hearing but which all parties apparently agree is appropriate. Plaintiff's mother asks that $1,000 be paid to her to compensate her for the time she lost from work in taking plaintiff to the doctor and otherwise tending to his needs as a result of the accident. If the court allows that request and orders all of the other listed payments to be made, but does not reduce the Medicaid lien, plaintiff will receive a net recovery of $20,414.85. If the Medicaid lien is reduced to $5,000, which is what plaintiff suggests, his net recovery will be $31,152.75. At the hearing, the Commonwealth argued that its lien should only be reduced enough to allow a net recovery to plaintiff and his mother of $25,000. The Commonwealth's figure is closer to what the court will award.

In the recent case of *Commonwealth v. Huynh*, 262 Va. 165 (2001), our Supreme Court said:

> Code § 8.01-66.9 necessarily involves a case-by-case analysis to ensure that the Commonwealth is permitted to assert its lien subject to a just recovery for the injured party and reasonable compensation for her counsel. The statute, however, provides little guidance for determining whether, or by how much, to reduce the Commonwealth's lien if the recovery is inadequate to meet the just claims of all three parties. The only guidance which has been given to assist the trial court, and this Court on appeal, in determining what factors should be considered in deciding how, or even whether, such relief is warranted, is the general doctrine of "the equities of the case." Accordingly, the ultimate decision is a matter of sound judicial discretion.

Having considered the equities of this case, and intending that each of the major players, the plaintiff, plaintiff's counsel, and the Commonwealth, receive a fair and significant portion of the recovery that they would otherwise be entitled to receive, the court concludes that the appropriate thing to do is to reduce the Commonwealth's lien by the same percentage by which plaintiff's counsel voluntarily reduced her fee. Specifically, plaintiff's counsel voluntarily reduced her fee from one-third ($16,666.66) to one-fourth ($12,500), a reduction of 25%. Applying that same percentage to the $15,737.90 Medicaid lien, a reduction of $3,934.48 is obtained, leaving a balance to be apportioned to the Commonwealth in this action of $11,803.42, and plaintiff a net recovery of $24,349.33. That amount, plus the $1,000 that the court will award to his mother, is only slightly more the $25,000 that the Commonwealth feels is appropriate. It is the amount that the court will award.